21-2074-cr (Con)
United States v. Cooper

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand twenty-two.

PRESENT: ROSEMARY S. POOLER,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                 Nos. 21-1429-cr (L)†
                                                                        21-1784-cr (CON)
                                                                        21-2074-cr (CON)

TYQUAN GRIEM, AKA TY GOON, PETER VASQUEZ, JAQUAN COOPER AKA J-GUNNA,

*Defendant-Appellant.**

-------------------------------------------------------------------

† 21-1429 was previously closed by order dated December 10, 2021; 21-1784 was previously closed by order dated October 12, 2021.

* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT: GARY L. CUTLER, Gary L. Cutler, P.C., New York, NY

FOR APPELLEE: ERIC SILVERBERG, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney, Eastern District of New York, Brooklyn, NY

Appeal from an order of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Jaquan Cooper appeals from an August 11, 2021 order of the United States District Court for the Eastern District of New York (Dearie, J.) denying his pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). On July 24, 2020, the District Court sentenced Cooper principally to 84 months' imprisonment for brandishing a firearm during and in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(ii). In February 2021 Cooper moved for a reduction in sentence, which the District Court denied. In July 2021 he moved again for a reduction in sentence, which the District Court also denied. We assume the parties' familiarity with the underlying facts and

the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the denial of a motion for a reduction in sentence for abuse of discretion. See United States v. Holloway, 956 F.3d 660, 664 (2d Cir. 2020). To reduce a defendant's term of imprisonment under § 3582(c)(1)(A)(i), a district court must find that "extraordinary and compelling reasons warrant such a reduction." United States v. Halvon, 26 F.4th 566, 568 (2d Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Even if such reasons exist, a district court "must also consider 'the factors set forth in section 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). A district court's "reasonable evaluation" of the § 3553(a) factors thus serves as an "alternative and independent basis for denial of compassionate release." Id. (quotation marks omitted). A district court has broad discretion in considering a motion for a sentence reduction and will be found to have abused that discretion only if it "(1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision

that cannot be located within the range of permissible decisions." United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021) (quotation marks omitted).

On appeal, Cooper first argues that the District Court failed to consider the "extraordinarily harsh conditions" at the Metropolitan Detention Center (the "MDC") during the COVID-19 pandemic. That argument is belied by the record. In denying Cooper's motion, the District Court explained that it was "well aware of the difficult conditions at the MDC over the past couple of years and considered this reality in reaching an appropriate sentence for Mr. Cooper" just a year earlier. App'x 43; see also App'x 185 (denying Cooper's first motion for compassionate release in part because although his "asthma may heighten the risk of complications from COVID-19, he tested positive for the virus in early December [2020] and has since recovered" (citations omitted)). Although Cooper argues that the District Court did not explicitly state that it considered the conditions of confinement at the MDC in determining his sentence, there is a "strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise." United States v. Cossey, 632 F.3d 82, 87 (2d Cir. 2011) (quotation marks omitted).

Here, the record does not suggest that the District Court failed to consider the conditions at the MDC.

Next, Cooper argues that the District Court did not place enough weight on his positive personal characteristics, such as his "non-violent nature," his "industriousness and ambition," and his "remorse for his criminal actions." Appellant's Br. at 18.   But "[m]ere disagreement with how the district court balanced the § 3553(a) factors . . . is not a sufficient ground for finding an abuse of discretion."   Halvon, 26 F.4th at 569 (quotation marks omitted).   Here, the District Court did not abuse its discretion when it concluded, after "an examination of the statutory sentencing factors and the Sentencing Commission policy statements," that Cooper's "history of violent criminal conduct[] compels his continued incarceration." App'x 43; see also Halvon, 26 F.4th at 571.

We have considered Cooper's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the challenged order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court